UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **In re** | ) | **CASE NO. 09 MC 53** |
| | ) | |
| **Extradition of Daniel Wepplo** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Court upon Mr. Wepplo's Motion to Refrain from Ruling (Doc. 32). This is an extradition proceeding. For the reasons that follow, respondent's motion is GRANTED.

## FACTS

Daniel Wepplo (hereinafter "respondent"), a United States citizen, was arrested on June 17, 2009, pursuant to an arrest warrant issued upon the request of the Mexican government, which is seeking extradition. The state of Veracruz, Mexico charged him with sexual abuse of a minor (hereinafter "A.S."), and issued an arrest warrant on May 17, 2007. The Mexican arrest

1

warrant was based on the statements of A.S., A.S.'s father, and a maid in the household given to the Veracruz prosecutor's office on June 28, 2006. The abuse allegedly occurred from September through December 2005. The Court thoroughly described the facts in this case in its July 8, 2009 Memorandum of Opinion and Order granting respondent bond pending the extradition hearing, and the Court hereby incorporates that Memorandum of Opinion by reference. The parties requested that the Court conduct the extradition hearing through briefs, and that matter has been fully briefed.

Respondent has since retained Eduardo Amerena Minvielle as his counsel in Mexico. Minvielle is both an attorney licensed to practice in Mexico and a professor of *amparo* procedure. On January 7, 2010, Minvielle filed an *amparo* action in Mexico's federal court on respondent's behalf to contest the validity of the arrest warrant underlying the extradition request. An *amparo* action is a proceeding unique to Mexico that enables a private person to defend his constitutional rights when federal or local government violates those rights. An *amparo* action seeks to invalidate the government act on the grounds of unconstitutionality or illegality. Respondent now seeks to stay the Court's ruling on the extradition request pending the outcome of the *amparo* action in Mexico's federal court, which is anticipated to take less than 180 days.

## **ANALYSIS**

Neither respondent nor the government present any case involving similar facts, and indeed, the Court's own research has not revealed any similar cases where the respondent is requesting a stay of the extradition ruling pending the outcome of a proceeding in the requesting country. Respondent asserts that the proper test to apply in determining whether to grant such a

2

stay is set forth in *Noriega v. Pastrana,* No. 07-CV-22816-PCH, 2008 WL 331394 (S.D. Fla. Jan. 31, 2008).

In *Noriega,* the district court had already issued the certificate of extraditability when the respondent filed a petition for writ of habeas corpus. *Id.* at *2. When his petition was denied, the respondent filed a motion to stay the extradition pending the outcome of the appeal on his petition for habeas corpus. *Id.* In deciding to stay the extradition, the Court considered the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. *Id.* (citing *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). "Ordinarily the first factor is the most important . . . But the movant may also have his motion granted upon a lesser showing of a substantial case on the merits when the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Id.* (citing *Garcia-Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir. 1986) and *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981) (internal quotations omitted)).

Although the government objects to staying the extradition ruling, it does not specifically object to applying these factors to determine whether to grant a stay. Although the procedural posture of this case is different, the Court finds the factors set forth in *Hilton* and relied upon in *Noriega* are appropriate to consider in determining whether to stay the extradition ruling.

Respondent argues that the factors in this case demonstrate that a stay should be granted. First, respondent offers Minvielle's affidavit in which he opines that it is more likely than not that the Mexican federal court will cancel the arrest warrant after all evidence is presented to it.

3

Second, respondent argues that he will be irreparably harmed absent a stay because his *amparo* action will be moot if he is extradited prior to the Mexican federal court ruling on it. In support, respondent also offers Minvielle's affidavit which states that according to Amparo Law Articles 73 and 74, any change in judicial status is grounds for dismissal of the *amparo* action. Specifically, as it applies to extradition, once respondent is extradited and then arrested in Mexico, the arrest warrant is canceled and ceases to exist. The basis for the *amparo* action then also ceases to exist. Respondent also argues that he will suffer irreparable harm because he faces upwards of a year in a Mexican jail before his case will be called for trial with no chance for bond and may be subject to various forms of torture while incarcerated.

As to the third and fourth factors, respondent argues that the public interest and the interests of the Mexican and the United States governments are intertwined and will not be harmed by staying the ruling because a stay maintains the status quo. He also argues that the Mexican government has established the *amparo* action to protect persons from unconstitutional government conduct, and allowing that action to run its course cannot constitute an injury to Mexico or any other party in the proceedings. Respondent further argues that judicial economy is served by staying the ruling because if the *amparo* action is resolved in his favor, the Mexican government will not waste its resources pursuing extradition. Finally, he argues that the public interest in the United States lies in not extraditing an American citizen to defend against a charge that may ultimately be dismissed, especially in this case because he can address the charges through the *amparo* action while remaining in the United States.

The government does not directly address any of the factors respondent sets forth. The government first states that it disagrees with both respondent's chance of success in the *amparo*

action and with Minvielle's statement that extraditing respondent will moot his *amparo* claim. The government then argues that the legality of the Mexican arrest warrant is outside of the scope of the extradition proceedings and that even if respondent was successful in the *amparo* action, it would not extinguish the extradition request.  The government also argues that it is undisputed that the Mexican government has complied with all of its treaty obligations in its extradition request, and that respondent is not permitted to contradict authenticated documents and exhibits in an extradition proceeding.

Upon review, the Court finds respondent's motion must be granted.  Although Minvielle's assessment that it is "more likely than not" that the *amparo* action will result in the Mexican federal government canceling the arrest warrant is not the strongest showing of a likelihood of success on the merits in the *amparo* action, the Court finds that under the particular circumstances of this case, the balance of the equities warrants staying the extradition ruling.

The evidence before the Court indicates that respondent's *amparo* action would be dismissed as moot if the Court ruled against him on the extradition request and he was extradited prior to the Mexican federal court's decision.  Although the government disputes that the action would be dismissed, it does so summarily and offers nothing to counter Minvielle's assessment of Mexican law.  Respondent will be irreparably harmed if he is extradited to Mexico, his *amparo* action is dismissed, and he is detained for trial on the basis of an arrest warrant that he alleges is unconstitutional.  The irreparable harm that respondent will suffer as a result of having his *amparo* action dismissed also weighs heavily in favor of granting a stay because strong evidence suggests that the sexual abuse charges against him were fabricated by Simcox in retaliation against his ex-wife, respondent's live-in girlfriend, as detailed by the Court in its July

5

8, 2009 Memorandum of Opinion and Order.

The Court finds that neither the Mexican government nor the United States government will be substantially injured by staying the extradition ruling.  The government argues that allowing a stay will infringe upon Mexico's right to pursue its case without unnecessary delay.  The Veracruz government issued an arrest warrant for respondent almost a year after A.S., Simcox, and the third witness gave their statements to the police.  It did not request extradition until nearly two years after it issued the arrest warrant.  Given that nearly three years passed before Mexico requested extradition, the Court finds that the further delay necessary to resolve the *amparo* action, estimated to be less than 180 days, will not substantially injure Mexico.

The Court also finds that under these circumstances the public interest lies in staying the extradition ruling until the *amparo* action has been resolved.  As the Court discussed above, evidence strongly suggests the allegations underlying the criminal charges are fabricated.  Respondent is a United States citizen, and it is in the public interest for him not to remain in a Mexican jail for over a year and then defend against such charges if the charges can more likely than not be resolved through the *amparo* action.

The government argues that the Mexican government has met all requirements for the United States to extradite respondent, and urges the Court to proceed with "appropriate circumspection" and to reject defenses which "savor of technicality."  Given the unique facts in this case, and that the Court has had the benefit of prior testimony from Simcox and A.S. over the course of three separate judicial proceedings, the Court finds that proceeding with "appropriate circumspection" includes allowing respondent to see his *amparo* action to completion prior to issuing the extradition ruling.  Moreover, respondent is challenging the

6

adequacy of his arrest warrant in Mexico, and is not asking the Court to review Veracruz's compliance with its own criminal procedure or Mexican constitutional law, as was the issue in the case cited by the government, *Matter of Extradition of Skaftouros,* 643 F. Supp. 2d 535 (S.D.N.Y. 2009).  The government also argues that even if respondent's *amparo* action is successful, Mexico's extradition request would not be extinguished.  It has not, however, addressed or offered evidence as to why Mexico would continue to pursue extradition of an individual against whom no criminal charges were pending.  Accordingly, respondent's motion must be granted.

### **CONCLUSION**

For the foregoing reasons, respondent's Motion to Refrain from Ruling is GRANTED and this proceeding is hereby STAYED until the Mexican federal court has ruled upon respondent's *amparo* action.  Respondent must file a report with the Court as to the status of the *amparo* action no later than July 31, 2010.

IT IS SO ORDERED.


   /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/7/10